Mozart G. **RATNER**, Appellant,

v.

**BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UNION OF AMERICA** et al., Appellees.

**BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UN-ION OF AMERICA**, Appellant,

v.

Mozart G. **RATNER**, Appellee.

Nos. 19135, 19153.

United States Court of Appeals District of Columbia Circuit.

Argued May 4, 1965.

Decided Nov. 17, 1965.

Mr. Sheldon E. Bernstein, Washington, D. C., with whom Messrs. Paul H. Mannes and Mozart G. Ratner, Washington, D. C., were on the brief, for appellant in No. 19135 and appellee in No. 19153.

Mr. Abraham J. Harris, Washington, D. C., for appellees in No. 19135 and appellant in No. 19153.

Before WASHINGTON,[*] DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge:

These parties were previously before the court in Bakery and Confectionery Workers Internat'l U. v. Ratner[1] when it was contended that the International and its members might not lawfully be subjected to payment of counsel fees to

---

[*] Circuit Judge WASHINGTON became Senior Circuit Judge on November 10, 1965.

[1] 118 U.S.App.D.C. 269, 335 F.2d 691 (1964). The trial judge in that case had awarded to Attorney Ratner $54,884.91,

covering fees and expenses to January 25, 1962, calculated in accordance with a retainer agreement to which the International and its membership had not been parties.

Attorney Ratner. It was argued then that the International and its membership had obtained no monetary "recovery" from which an allotment of counsel fees might be made pursuant to 29 U.S.C. § 501(b).[2] The International also submitted that no valid award could run against it without notice to its membership respecting fees. We rejected such contentions for reasons more fully developed in our opinion, but we reversed and remanded that the District Court might ascertain the value to the International and its membership of the benefits flowing from the legal services rendered by Attorney Ratner. The latter has appealed in No. 19135 on the ground that Mr. Ratner's fees were unduly limited by the trial judge. The International in No. 19153 now attacks the award of $60,559.29 as having been erroneously reached "without benefit of a hearing and without detailed consideration of equitable factors traditionally relied" upon such as "the actual value of the results achieved, the work done and time spent, and the noncontingent fee arrangement." We affirm the award.[3]

For present purposes we need but briefly recount certain background highlights. Attorney Ratner as counsel for five local Union officers had instituted an action entitled Moschetta v. Cross, charging that various officers of the International had unlawfully misappropriated funds of the International and that there had been acts of corruption, breaches of fiduciary duty and misconduct on the part of those named. Attorney Ratner's clients in the class action formed what came to be known as the Local Union Reunification Committee (LURC) with whom Attorney Ratner had entered into a retainer agreement with provision for litigation, recovery of disbursements and costs, and for compensation to counsel. While Cross still dominated the International, various officers who had supported LURC were dismissed, and because of the unlawful action of reprisal thus evidenced, one Alvino and three other officials brought suit against the International. The District Court directed their reinstatement with back pay. Success in these various actions resulted in the election of a pro-LURC slate of officers at the International's convention in 1962. Thereupon, it was decided that the LURC association should be dissolved and that the International itself should become plaintiff in the original *Moschetta* action.[4]

2. Labor-Management Reporting and Disclosure Act of 1959, § 501(b), 73 STAT. 535, 29 U.S.C. § 501(b) (1965).

3. Upon remand the claim for fees was again brought before District Judge Tamm (now Circuit Judge) who years earlier had been designated as a "special judge" to take charge of all aspects of the litigation including motions, pretrial proceedings and trial. The record abundantly demonstrates his complete familiarity with every aspect of the problem. Indeed, we may observe, the appellant Ratner has included in his joint appendix the memorandum of points and authorities upon which he had relied in the District Court "for assessment of fee in accordance with mandate." Commenting upon our opinion, *supra* note 1, he said: "Reflecting a meticulous review of the voluminous record geared to the Congressional objectives Section 501(a) was designed to promote, the Court spelled out the achievements for which recovery was to be had." We may appropriately refer counsel additionally to Judge Tamm's opinion following remand wherein he set forth the circumstances considered by him. Moschetta v. Cross, 241 F. Supp. 347 (D.D.C. 1964).

4. As such related matters had been proceeding in conjunction with the class action, Mr. Ratner and his associates had been paid some $70,000 in fees and expenses. That particular account was not attacked at the time of the earlier appeal. It assumes importance now because after remand Judge Tamm found that Mr. Ratner and his associates equitably should receive a total fee for *all* services in the amount of $129,073.13. After crediting the payment of $70,000, the opinion of the trial judge shows he concluded that there was owing to Mr. Ratner and his associates as fees on a quantum meruit basis, $59,073.13 to which the judge added the sum of $1,486.16, to cover "the necessary and proper costs heretofore included in earlier itemized statements of account."

After Attorney Ratner had been displaced as counsel, he sent a statement under date of February 7, 1962 to the International and a like statement to LURC. He claimed $53,398.75 for legal services through January 25, 1962, calculated at the hourly scale which had been the subject of his retainer agreement with the class plaintiffs, and $1,486.16 for expenses, the same amount, presently allowed. Our earlier opinion established that the International and its membership were liable for the benefits achieved as a result of the services rendered by Attorney Ratner, but not necessarily at the hourly rate established by the retainer agreement with the class plaintiffs. The International had not been party to that agreement. Rather, we said, it was for the trial judge to assess fee liability of the International and its membership upon the basis of quantum meruit, taking into account the value of the benefits to the International and its membership from the legal services rendered by Attorney Ratner.

After remand, dealing with liability for fees and expenses "in this case [C.A. 686–60] or in the said case of Alvino v. Bakery and Confectionery Workers * * [C.A. 2400–60]," as the order expressly recites, judgment was again entered for Mr. Ratner to recover for his services rendered through January 25, 1962 and for his expenses totaling $1,486.16. Thus it was that the District Court's order provides [5] that payment of the total sum of $60,559.29 will discharge the liability of the *Moschetta* class plaintiffs, the Bakery and Confectionery Workers International

Union of America, the entire membership of the International and the plaintiffs in the *Alvino* action for Mr. Ratner's services rendered through January 25, 1962.

The opinion of the trial judge [6] reflects his earnest consideration based upon his intimate knowledge of all problems presented on the record before him in C.A. 686–60 and C.A. 2400–60. It is obvious that the trial judge recognized the all but imponderable difficulty of weighing in terms of money the intangibles inherent in such a situation. He noted that "the exposure and elimination of substantial misuse of Union funds not only resulted in protection of the Union funds from further misuse but also restored the confidence of the members, and even of the public, in the Union's subsequent operation." Yet other elements of benefits to the International and its membership were considered. That he recognized the skill and ability of Attorney Ratner in the highly technical field of labor law can not be doubted. Thus it was that the trier undertook to establish a "reasonable and realistic measure of the value" of Mr. Ratner's services on a quantum meruit basis.[7] Where the result rests so substantially upon the exercise of a proper discretion by the "special judge," it would require rare temerity for us to say he had abused that discretion. That we might have placed a higher valuation on Mr. Ratner's services is not controlling. Conversely, that the benefits to the Union and its membership were not measured by some pro forma scale does not detract from the quantum meruit standard as ap-

5. See note 4 *supra.*

6. *Supra* note 3.

7. The trial judge could not have been in doubt as to the factors to be taken into account. In our earlier opinion, Bakery and Confectionery Workers Internat'l U. v. Ratner, 118 U.S.App.D.C. 269, 335 F. 2d 691 (1964), we called attention to the references in Angoff v. Goldfine, 270 F. 2d 185, 188–189 (1 Cir. 1959). Again, we took account of the fiduciary status of union officers and noted that a union member and his counsel are to be pro-

tected, all to the end that the membership may police its own labor organization. We cited Johnson v. Nelson, 325 F.2d 646, 650 (8 Cir. 1963) and called attention to *Counsel Fees For Union Officers Under The Fiduciary Provision of Landrum-Griffin*, 73 YALE L.J. 443, 468, 470 (1964).

Here, the "special judge" had had charge of this litigation over the years. Granting that he had not articulated details, we can not say that the District Judge failed to take account of the factors we deemed relevant to his fee award.

praised by the "special judge." Rather, we feel we are bound to say that we do not regard the award, in total exceeding $129,000, to be without predicate on this record.

The final order did not include interest from February 7, 1962 as prayed by Mr. Ratner. Although D. C. CODE § 15–109 (Supp. IV, 1965) would not have precluded the judge from including interest as an element of the award if he had deemed it necessary in order fully to compensate Mr. Ratner, the section requires interest only from the date of judgment. Our statute speaks for itself.

Respective counsel seem to have advanced no other issue in their arguments before the District Court. The District Judge had directed counsel to "prepare the necessary order and judgment to effectuate the provisions of this memorandum opinion." Accordingly we treat only of the order before us which we interpret as having been designed to meet the issues considered by the trier. For the reasons discussed, we affirm the judgment as entered for Mr. Ratner.

No. 19135—affirmed.

No. 19153—affirmed.